## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

HAROLD PULLIAM                                                          PLAINTIFF

v.                                                          CAUSE NO.: 1:07CV92-SA-JAD

ALLSTATE INSURANCE COMPANY                                          DEFENDANT

## ORDER DENYING MOTION TO DISMISS

This cause comes on for consideration on Motion to Dismiss [11] filed by Allstate Insurance Company. The Court finds as follows:

On February 13, 2006, Plaintiff, Harold Pulliam, was involved in a vehicle accident. Plaintiff was struck by an uninsured motorist, and it is undisputed that Plaintiff was not at fault. Plaintiff had an applicable uninsured motorist policy of $50,000 with Defendant. It is undisputed that Defendant paid the medical bills of $719.00 and $36.00. Defendant claims it paid Plaintiff $1,505.50; however, Plaintiff avers he only received approximately $500.00 for property damage to his vehicle. Plaintiff brings this suit alleging that he is entitled to the full policy limits of $50,000. Furthermore, Plaintiff claims Defendant failed to investigate his claim and, thus, prays for punitive damages as well for an aggregate sum of $150,000.

Defendant filed this motion maintaining that this Court lacks jurisdiction over the claim. Specifically, Defendant insists that since the policy limit is only $50,000, the amount in controversy of $75,000 has not been met. Defendant further argues that Plaintiff merely added the extra contractual damages (punitive damages) claim to the amended complaint to keep the suit in federal court.

"The general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the

complaint is not claimed in good faith." Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 6 L. Ed. 2d 890 (1961). Specifically, "[t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938). To justify dismissal for subject matter jurisdiction, it must appear to a legal certainty that the plaintiff's claim is really for less than the jurisdiction amount. St. Paul Mercury, 303 U.S. at 288, 58 S. Ct. 586; see also Opelika Nursing Home, Inc. v. Richardson, 448 F. 2d 658, 663 (5th Cir. 1971).

The plaintiff in the case *sub judice* seeks to collect damages in the amount of $150,000, which includes punitive damages. This sum is greater than $75,000, and it does not appear, to a legal certainty, that Plaintiff's claim is for less than the jurisdiction amount or not made in good faith. Thus, Defendant's Motion to Dismiss is **DENIED**, and this Court retains jurisdiction over the matter.

So **ORDERED**, this the 9th day of September, 2008.

/s/ Sharion Aycock_____
**U.S. DISTRICT COURT JUDGE**