IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HAROLD PULLIAM                                                                  PLAINTIFF

v.                                                 CAUSE NO.: 1:07CV92-SA-JAD

ALLSTATE INSURANCE COMPANY                                DEFENDANT

## MEMORADUM OPINION GRANTING SUMMARY JUDGMENT

This cause comes on for consideration on the Motion for Summary Judgment [33] filed by Allstate Insurance Company. The Court finds as follows:

On February 13, 2006, Plaintiff, Harold Pulliam, was involved in a vehicle accident. Plaintiff was struck by an uninsured motorist, and it is undisputed that Plaintiff was not at fault. Plaintiff had an applicable uninsured motorist policy of $50,000 with Defendant. It is undisputed that Defendant paid the medical bills of $719.00 and $36.00. Defendant claims it paid the Plaintiff $1,505.50; however, Plaintiff avers he only received approximately $500.00 for property damage to his vehicle. Plaintiff brings this suit alleging that he is entitled to the full policy limits of $50,000. Furthermore, Plaintiff claims Defendant failed to investigate his claim and, thus, prays for punitive damages as well for an aggregate sum of $150,000.

Defendant states after a review of Plaintiff's medical records, it agreed to pay the medical expenses of Plaintiff to Pioneer Community Hospital in the amount of $719.50 and Imaging Association of North Mississippi in the amount of $36.00. Moreover, Defendant avers that the additional sum of $1505.50 was offered to the plaintiff for bodily injury. Defendant insists that it "has never received any notice from the [Plaintiff] of any dissatisfaction with said settlement or rejection of said settlement until the filing of this suit." In addition, Defendant has attached the

transcript of an alleged recorded conversation between Plaintiff and claims adjuster, Mr. Philip E. Penton.

Conversely, Plaintiff asserts that he never received any correspondence from Allstate other than the medical record authorization form, and that he does not recall ever speaking with anyone from Allstate. However, the plaintiff does state he received a check for $1505.50 that he forwarded immediately to his attorney. Subsequently, this suit was filed. Defendants bring this motion asserting that it reasonably investigated the claim, and, thus, punitive damages should not be warranted.

*STANDARD FOR MOTION FOR SUMMARY JUDGMENT*

To be entitled to summary judgment, a party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The movant has the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Rule 56(c) compels the court to grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the Court must first be satisfied that no reasonable trier of fact could find for the non-movant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

Conclusional allegations, speculation, improbable inferences, and unsubstantiated assertions do not substitute for specific facts showing a genuine issue for trial. TIG Ins. Co. v. Sedgwick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002); SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1997); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). "A

dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." TIG Ins. Co., 276 F.3d at 759.

*DISCUSSION AND ANALYSIS*

Under Mississippi law, in order for a punitive damages claim against an insurer to proceed to a jury, a judge must find (1) that the insurance company did not have a "legitimate or arguable reason to deny payment of the claim" and (2) that the plaintiff made a "showing of malice, gross negligence, or wanton disregard of the rights of the insured." Life & Cas. Ins., Co. of Tenn. v. Bristow, 529 So. 2d 620, 624 (Miss. 1988), cert. denied, 488 U.S. 1009, 109 S. Ct. 794, 102 L. Ed. 2d 785 (1989). In applying the above rule, the court must determine whether or not the insurance company had a justifiable reason or arguable basis for denying a valid claim. See e.g. Vogel v. Am. Warranty Home Serv. Corp., 695 F.2d 877, 883 (5th Cir. 1983); Banker's Life & Cas. Co. v. Crenshaw, 483 So. 2d 254, 275 (Miss. 1985). The plaintiff has a heavy burden of demonstrating that the insurer had no legitimate or arguable reason to deny its claim. Blue Cross and Blue Shield of Mississippi v. Campbell, 466 So. 2d 833 (Miss. 1984).

The Fifth Circuit has held:

> [T]he Mississippi Supreme Court has been extremely reluctant to allow punitive damages in cases where the insurer did not deny coverage, but only disputed the amount of the claim or delayed payment. See e.g., Aetna Cas. & Sur. Co. v. Day, 487 So. 2d 830, 832-34 (Miss. 1986) (no punitive damages in case of dispute in coverage and delay in payment); State Farm Mut. Auto. Ins. Co. v. Roberts, 379 So. 2d 321, 322 (Miss. 1980) (award of punitive damages improper when insurer legitimately disputes the amount due under the policy); see also Bellefonte Ins. Co. v. Griffin, 358 So. 2d 387, 391 (Miss. 1978) (dispute over method of determining amount due under the policy did not entitle insured to punitive damages).

Tutor v. Ranger Ins. Co., 804 F.2d 1395, 1399 (5th Cir. 1986).

The case sub judice does not involve a denial of the claim, but a dispute over the value of the claim. The defendant performed an adequate investigation of the claim, paid Plaintiff's

medical expenses, and offered the plaintiff $1505.50, which was essentially rejected by the plaintiff by forwarding the check to his attorney. The next correspondence the defendant received was the complaint in this lawsuit.

Before a punitive damages claim is allowed to be presented before the jury, the dispute between the parties must be more than a legitimate pocketbook dispute. Prudential Prop. & Cas. Ins. Co. v. Mohrman, 828 F. Supp. 432, 441 (S.D. Miss. 1993); Evangelista v. Nationwide Ins. Co., 726 F. Supp. 1057, 1059 (S.D. Miss. 1988) (citing Magee v. Sheffield Ins. Co., 673 F. Supp. 194, 198 (S.D. Miss. 1987)); Sentinel Indus. Contracting Corp. v. Kimmins Indus. Serv. Corp., 743 So. 2d 954, 972 (Miss. 1999); see also Vaughn v. Monticello Ins. Co., 838 So. 2d 983, 988 (Miss. Ct. App. 2001). "While most 'legitimate pocketbook disputes' generally have involved a dispute between the insured and insurer as to the amount that should be paid for property damage," this Court finds the doctrine similarly applicable to the case at bar. Evangelista, 726 F. Supp. at 1059. The plaintiff's injuries are of the intangible nature which are not easily calculable. Thus, the defendant's offer, of a sum of money with which the plaintiff does not agree, is not bad faith.

The defendant did not deny the claim, and plaintiff merely disagrees with the extent of the pain and suffering damages he received. Evangelista, 726 F. Supp. at 1059 (citations omitted). Therefore, as a matter of law, the dispute between the parties is merely a "legitimate pocket dispute" which does not rise to the level of wanton, gross, or intentional conduct so as to warrant a jury deciding punitive damages. Id. Accordingly, the defendant's summary judgment is **GRANTED** as to punitive damages, and this Court lacks jurisdiction over the remaining claims since the policy limits are $50,000.[1] As such, the case is **DISMISSED** without prejudice.

---

[1] "The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy

A separate order shall issue on this day.

So **ORDERED**, this the 15th day of October, 2008.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT COURT JUDGE**

---

exceeds $75,000.'" Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005) (quoting 28 U.S.C. § 1332(a)(1)).